THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID CRONIN, Appellant, against J. P. CONBOY, as Superintendent of Great Meadow Correctional Institution, et al., Respondents.— Appeal from an order of Special Term of the Supreme Court, Washington County, entered December 26, 1957 dismissing a writ of habeas corpus and remanding appellant to the custody of respondent. On December 4, 1951 appellant was sentenced in the Court of General Sessions, New York County, to an indefinite term with a five year maximum upon conviction of robbery in the third degree. He was committed to the Reception Center at Elmira, for classification and confinement, and subsequently, he was transferred to the Elmira Reformatory. He was paroled from the reformatory on May 24, 1954 and declared delinquent October 27, 1954. He was sentenced on February 24, 1955, as a second felony offender to an indeterminate sentence of from two to three years, upon a plea of guilty to attempted assault, second degree, in the Court of General Sessions, New York County, and received at Sing Sing Prison on February 25, 1955. He committed this felony while on parole. Pursuant to section 219 of the Correction Law he was charged with owing 1 year, 10 months, and 19 days delin-

quent time on the previous sentence. The two contentions raised by appellant are that once he had been received at Sing Sing on the second sentence, he could not be compelled to serve the delinquent time on the first sentence; and second that section 219 is not applicable to him because he was paroled from a reformatory rather than a State prison. Neither contention has merit. As to the latter this court has just recently held in two cases, *Matter of McDonald* v. *Jackson* (286 App. Div. 915) and *Matter of Kenney* v. *Loos* (286 App. Div. 97), to the contrary. As to the first contention, under section 219 of the Correction Law and section 2190 of the Penal Law, having been convicted of a felony while on parole, appellant must, before he begins to serve his second sentence, serve the remaining portion of the sentence on which he was released on parole, from the time of release on parole until the expiration of the maximum of said sentence. Order affirmed, without costs. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.